Deborah L. DUFF, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.

No. 03–35622.

D.C. No. CV–02–05469–RJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2005.

Decided Jan. 27, 2005.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Amy M. Gilbrough, Elie Halpern & Associates, PS, Olympia, WA, for Plaintiff–Appellant.

David Burdett, Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before SCHROEDER, Chief Judge, and GOODWIN and GRABER, Circuit Judges.

## MEMORANDUM *

Plaintiff Deborah L. Duff appeals from the district court's order affirming the decision of the Commissioner of Social Security to deny her application for disability insurance benefits and supplemental security income. We review the district court's decision de novo. *Reddick v. Chater,* 157 F.3d 715, 720 (9th Cir.1998). We review the Commissioner's findings for substantial evidence, *id.,* and reverse and remand.

The administrative law judge (ALJ) found, at Step Two of the sequential analysis, that Plaintiff "has mild scoliosis, which [is] not severe; she has an affective disorder, an impairment[ ] that is severe within the meaning of the Regulations." He rejected all other claimed impairments. The ALJ erred in three ways when addressing Plaintiff's impairments.

First, the ALJ erred in rejecting without discussion Dr. Neims' final diagnosis of somatization disorder. Although the ALJ noted Dr. Neims' earlier uncertainties in 2000, he failed to mention, and apparently failed even to consider, Dr. Neims' final *"established* diagnosis" of somatization disorder in March 2001. Rather, the ALJ incorrectly faulted Plaintiff for "offer[ing] no support for this supposition" and erroneously claimed that Dr. Neims "indicate[d] that this is not a likely diagnosis."

Second, the ALJ erred in analyzing Plaintiff's back impairment. Dr. Smith provided a "working diagnosis" of "myofascial pain with scoliosis" and an "assessment" of "[c]hronic back pain, probably muscular in nature." It is clear that Dr. Smith credited Plaintiff's complaints of upper back pain and that he suggested various possible treatments. Dr. Rozendal, the treating physician whose opinion the ALJ discounted, apparently relied on Dr. Smith to diagnose Plaintiff with "scoliosis with myofascial back pain." But the ALJ does not explain why Dr. Smith's diagnosis, on which Dr. Rozendal relied, should be discounted; instead the ALJ quotes selectively from Dr. Smith's conclusions. Dr. Schiffman found that Plaintiff "has stiffness in all planes of motion in lateral bending and rotation with regard to her cervical motion," as well as pain; his assessment was that Plaintiff suffers from "[m]echanical upper back pain" that should be treated with a multi-disciplinary approach. But the ALJ again read this report selectively, asserting that "there are no positive findings in the examination," but only subjective findings, and reporting that there was "no evidence of a surgically treatable cause of her back pain" without including Dr. Schiffman's accompanying finding of mechanical upper back pain. The reports of Drs. Smith and Schiffman are consistent with the reports of other physicians, including Dr. Bonnevie, Dr. Ciani, and Dr. Rozendal.

The ALJ's third error was in failing to consider the combination of all impairments, including the two that were incorrectly discredited.

The ALJ's incorrect analysis at Step Two infected the remainder of the decision, including the credibility assessment of Plaintiff and the various alternative findings. Accordingly, we reverse and remand with instructions to return the case to the Commissioner for reconsideration, beginning with Step Two of the sequential analysis.

REVERSED and REMANDED.